**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

DEBRA THOMPSON, on behalf of herself and on behalf of all others similarly situated,

Plaintiff,

v.

JUPITER MEDICAL CENTER, INC.,

Defendant.

Case No. 9:26-cv-80704-XXXX

Removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 502026CA001003XXXAMB

**NOTICE OF REMOVAL**

Defendant Jupiter Medical Center, Inc. ("Jupiter") hereby removes this action currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Jupiter states as follows:

**NATURE OF REMOVED ACTION**

1) On January 27, 2026, Plaintiff Debra Thompson filed a Class Action Complaint against Jupiter asserting claims for negligence, negligence per se, breach of implied contract, unjust enrichment, breach of fiduciary duty, and negligent training, hiring and supervision in connection with a data security incident. The Incident involved unauthorized access to patient data hosted by Cerner Corporation—an electronic-health-record vendor—on behalf of its clients, including

Jupiter. (Compl. ¶¶ 4, 26, 31, 32.) Plaintiff seeks to represent a nationwide class of "[a]ll individuals whose PII/PHI may have been accessed and/or acquired in" the Incident. (Compl. ¶ 149.)

2) Following notice of the Incident, numerous plaintiffs filed class action complaints in multiple jurisdictions raising identical claims against both Cerner and its clients who provided notice of the Incident.[1] The majority of cases filed against Cerner and its clients, including Jupiter, have been transferred to and consolidated in the Western District of Missouri before Judge Beth Phillips (total: 59). *See In re: Cerner/Oracle Data Breach Litig.*, W.D. Mo. Case No. 4:25-cv-00259-BP; *Long et al. v. Jupiter Medical Center, Inc. et al.*, W.D. Mo. Case No. 4:26-cv-00205, ECF 3 (ordering consolidation of case filed against Jupiter and Cerner before Judge Phillips because it "share[s] common questions of fact and law" regarding the Incident). In fact, Judge Cannon of the Southern District of Florida transferred a similar, earlier-filed case against Jupiter to the Western District of Missouri where it was quickly consolidated by Judge Phillips with the other cases arising out of the Incident. *See Capellan v. Jupiter Medical Center, Inc.*, S.D. Fla. Case No. 9:26-cv-80202, ECF 11; *In re: Cerner/Oracle Data Breach Litig.*, W.D. Mo. Case No. 4:25-cv-00259, ECF 245. Both the earlier-filed *Capellan* and *Long* actions consolidated in the Western District

---

[1] To satisfy certain state reporting obligations, Cerner has also publicly reported that thousands of individuals from Massachusetts, Texas, and South Carolina were impacted by the same Incident. See Massachusetts Office of Consumer Affairs and Business Regulation, *Data Breach Notification Report*, https://www.mass.gov/doc/data-breach-report-2025/download; Attorney General of Texas, *Data Security Breach Reports*, https://oag.my.site.com/datasecuritybreachreport/apex/DataSecurityReportsPage; and South Carolina Dept. of Consumer Affairs, *Security Breach Notices*, https://consumer.sc.gov/identity-theft-unit/security-breach-notices.

of Missouri involve the same claims and seek to represent an overlapping putative class as Plaintiff's Complaint here. *See Long*, W.D. Mo. Case No. 4:26-cv-00205, ECF 1 at ¶¶ 98, 110–144, 154–203 (bringing claims for negligence, negligence per se, breach of implied contract, unjust enrichment and breach of fiduciary duty against Jupiter as a result of the Incident and seeking to represent an identical nationwide class of "[a]ll individuals residing in the United States whose Private Information was compromised in the" Incident); *Capellan*, S.D. Fla. Case No. 9:26-cv-80202, ECF 1-1 at ¶¶ 25, 84–116 (bringing claims for negligence and breach of implied contract against Jupiter as a result of the Incident and seeking to represent a class of "[a]ll individuals within the State of Florida whose Private Information was exposed" as a result of the Incident).[2]

3) Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on Jupiter in the State Court Action is attached hereto as **Exhibit B**.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(d)

4) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

[2] The consolidated proceeding in the Western District of Missouri includes claims by plaintiffs who allege that their PII/PHI may have been accessed or acquired in the Incident and that they are citizens of different states including Arkansas, New York, Missouri, Indiana, Maryland, Montana, Arizona and California. *See In re: Cerner/Oracle Data Breach Litig.*, Case No. 4:25-cv-00259-BP, ECF 93 at ¶¶ 8, 14, 22, 28, 64, 70, 78, 84, 92, 98, 106, 112, 120, 126, 134, 140, 148, 154, 162, 168, 176, 182, 190, 196, 218, 224, 232, 238, 246, 252, 260, 266, 274, 280, 288, 294, 302, 308, 314, and 320.

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5) This action is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Pursuant to CAFA, where a proposed class involves 100 or more class members, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5).

6) "[N]o antiremoval presumption attends cases invoking CAFA . . . . [Instead,] CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7) Each of the CAFA requirements is met here.

**A. This is a class action with more than 100 putative members.**

8) Plaintiff seeks to represent a putative class of current and former patients whose data was allegedly compromised by the Incident. Plaintiff alleges that Jupiter "services approximately 400,000 patients annually and it is likely that thousands of patients' information was involved in the Breach." (Ex. A, Compl. ¶¶ 27, 149, 154.)

9) Thus, the proposed class meets the 100-person CAFA requirement.

**B. Minimal diversity exists.**

10) Minimal diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11) A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

12) Jupiter is incorporated in Florida and maintains its principal place of business in Florida. Thus, Jupiter is a citizen of Florida.

13) Plaintiff alleges that she is a citizen of Florida and she seeks to represent a class of "[a]ll individuals whose PII/PHI may have been accessed and/or acquired in the Data Breach including all those individuals who received Notice of Data Breach letters." (Ex. A, Compl. ¶ 149.)

14) Minimal diversity exists here because the Incident involved individuals that are citizens of states other than Florida. Indeed, Jupiter provided notice of the Incident to patients in all 50 states, "including thousands in New York, Pennsylvania, New Jersey, Massachusetts, and Connecticut." *See* Declaration of Kevin Olson at ¶ 5, attached as **Exhibit C**.

15) Because Jupiter and members of the proposed nationwide class are citizens of different states, CAFA's minimal diversity requirement is met.

**C. The amount in controversy is satisfied.**

16) Evidence is not required to establish the amount in controversy in a notice of removal—instead, "a defendant's notice of removal need include only a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold of $5 million." *Thompson v. Procter and Gamble Co.*, 2018 WL 11459450, at *1 (S.D. Fla. June 13, 2018) (citing *Dart Cherokee*, 574 U.S. at 89).

17) Although Defendant denies Plaintiff's allegations—and fully reserves the rights to contest their adequacy—Plaintiff's request for damages, injunctive relief and attorney's fees on behalf of herself and a putative class is sufficient to exceed the jurisdictional threshold. Indeed, CAFA permits courts to aggregate the claims of the individual putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

18) Here, Plaintiff alleges that she and the class are entitled to compensation for at least 10 different types of damages—even considering one category of damages demonstrates that her Complaint puts at issue well over $5,000,000. For example, Plaintiff seeks damages for, *inter alia*, lost value of PII which she alleges is "worth up to $1,000 on the black market." (Ex. A, Compl. ¶¶ 49, 70.) Here, Plaintiff pleads that the putative class includes up to 400,000 individuals. Thus, the amount in controversy is satisfied. ($1,000 x 400,000 = $400,000,000)

19) Moreover, Plaintiff estimates the value of her claims at "over $100,000" (Ex. B at 12) and she alleges that her claims are "typical of the claims of the Class." (Ex. A, Compl. ¶ 155.) The proposed class is made up of thousands of individuals. If every member of the proposed class has a claim worth the same amount as Plaintiff's, the amount in controversy is easily satisfied. *See, e.g., Torres v. Countrywide Home*

*Loans, Inc.*, 2014 WL 3742141, at *2 (S.D. Fla. July 29, 2014) ("Plaintiff also states that his claims are typical of the claims of all class members. . . . [I]f every member of the proposed class has a claim worth the same amount as Plaintiff's, the amount in controversy is easily satisfied."); *Shaver v. Ford Motor Co.*, 768 F. Supp. 2d 1235, 1236–37 (S.D. Fla. 2011) (plaintiff's class action complaint pleading that her claims exceeded the $15,000 jurisdictional limit in Florida state court was sufficient to meet the CAFA amount-in-controversy requirement where the class consisted of 100,000 people—"[T]he requisite amount of controversy of $5,000,000.00 is evident on the face of the complaint as 100,000 times $15,000.00 exceeds $5,000,000.00."); *Perret v. Wyndham Vacation Resorts, Inc.*, 2012 WL 592171, at *2 n.3 (S.D. Fla. Feb. 22, 2012) (same; "[I]n order to meet the typicality requirement of the class and given the nature of the claims, the conservative $15,000 amount of the named Plaintiffs' alleged damages should be similar to the amount of the damages of the other class members. This too would mean that the amount in controversy exceeds the $5,000,000 requirement ($15,000 x 1,000 = $ 15,000,000).").

20) Plaintiff also seeks injunctive relief and attorney's fees—both of which are properly included in the calculation of, and further increase, the amount in controversy. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

21) Because Plaintiff is plausibly seeking in excess of $5,000,000 in damages and other relief related to the individual and proposed class-wide claims, the amount in controversy is satisfied.

22) This matter, therefore, satisfies all requirements of 28 U.S.C. § 1332(d) and properly belongs in federal court pursuant to CAFA.

**VENUE IS PROPER**

23) This Court is in the judicial district and division embracing the place where Plaintiff filed the State Court Action and where it is pending. Specifically, the United States District Court for the Southern District of Florida embraces the Palm Beach County Court. *See* 28 U.S.C. §§ 1441, 1446.

**TIMELINESS OF REMOVAL**

24) Plaintiff served her Complaint on May 26, 2026.

25) Jupiter filed this Notice within 30 days after service of the Complaint. Thus, removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

**PRAYER FOR REMOVAL**

WHEREFORE, Jupiter respectfully requests that the above action now pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida be removed to the United States District Court for the Southern District of Florida.

Dated: June 12, 2026 Respectfully submitted,

*/s/ Julie Singer Brady*
Julie Singer Brady (389315)
BAKER & HOSTETLER LLP
200 South Orange Ave., Ste. 2300
Orlando, FL 32801
Tel: 407.649.4000
Fax: 407.841.0168
jsingerbrady@bakerlaw.com

*Attorney for Jupiter Medical Center, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2026, a true and correct copy of the foregoing document was filed electronically and served via email and U.S. mail upon the following:

Jessica A. Wilkes
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
E: jaw@federmanlaw.com

*Counsel for Plaintiff*

*/s/Julie Singer Brady*
*Counsel for Defendant*